UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEALEE GIESE, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VICTORIA'S SECRET STORES, LLC, a foreign limited liability company,<br><br>　　　　　Defendant. | Case No. C24-1131-RSM<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL, DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER, AND GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME |

## I.　　INTRODUCTION

This matter comes before the Court on Plaintiff Kealee Giese's Motion to Compel, Dkt. #9, Defendant Victoria's Secret LLC's Motion for Protective Order, Dkt. #11, and Defendant's Motion for Extension of Time to Complete Discovery, Dkt. #18. For the reasons set forth below, Plaintiff's Motion to Compel is GRANTED IN PART, Defendant's Motion for Protective Order is DENIED, and Defendant's Motion for Extension of Time to Complete Discovery is GRANTED.

//

ORDER - 1

## II. BACKGROUND

On July 31, 2023, Plaintiff was shopping at a Victoria's Secret Store at Bellis Fair Mall in Bellingham, Washington. Dkt. #1-2 at 2. While looking at merchandise, a store sign fell and hit Plaintiff on the head. *Id*.

Plaintiff filed a lawsuit against Defendant in Whatcom County Superior Court in April 2024, which Defendant removed on July 26, 2024. *See* Dkt. #1. Prior to removal, Plaintiff served Requests for Production on Defendant on July 11, 2024, but re-served the Requests on July 29, 2024. Dkt. #9 at 2. The parties conferred on September 3, 2024, and Defendant's responses to Plaintiff's Requests were due on October 3, 2024. *Id*.

After several extensions, the parties conducted a telephonic discovery conference on November 15, 2024. *Id*. at 3. Defendant provided its Responses to the production requests on November 18, 2024. *Id*. Plaintiff alleges that these Responses contain insufficient boilerplate objections and identify Defendant's insurance "Adjuster Notes" and "NetClaim report" as being withheld due to these being created in anticipation of litigation, as well as security video footage. *Id*. at 6.

On November 19, 2024, Plaintiff requested that Defendant remove the boilerplate objections and produce the withheld documents and video. *Id*. The parties conducted another discovery conference on November 25, where Plaintiff states that Defendant agreed to remove the objections and provide the updated Responses by the end of the day. *Id*. at 7. Plaintiff received no Responses. *Id*.

On November 26, 2024, the parties filed a Stipulated Motion for Protective Order, which included the security video footage as "Confidential Material." Dkt. #7 at 2. However, the Court denied this Stipulated Motion for failing to abide by the Local Rules and the Model Protective Order by including overly broad language. Dkt. #8.

Plaintiff, again, requested the Responses, documents, and video from Defendant on December 2, 2024. Dkt. #9 at 7. Defendant's counsel stated she was delayed by trial and needing to confer with Defendant about a confidentiality agreement. *Id*. On December 6, Plaintiff agreed to not file a Motion to Compel if Defendant produced the Responses and withheld materials by December 11. *Id*. Plaintiff also gave Defendant until January 10, 2025, "to provide a mutually agreeable confidentiality agreement or to move for a protective order" but received no response. *Id*. at 8.

Plaintiff filed the instant Motion to Compel on December 26, 2024. Dkt. #9. Defendant filed a Response in objection to Plaintiff's Motion and a Motion for Protective Order on January 10, 2025. Dkts. #11 and #13.

### III.   DISCUSSION

The Court reviews these motions in turn below, starting with Defendant's Motion for Protective Order.

**A. Defendant's Motion for Protective Order**

Defendant filed this Protective Order because it contends that "Defendant's security video footage, general housekeeping policy, CSL Module, and commercial lease provision contain confidential and propriet[ar]y information." Dkt. #11 at 3. Plaintiff objects to the Protective Order because Defendant "has failed to articulate specific facts that demonstrate good cause for" and "has waived its right to seek" one. Dkt. #15 at 1.

**1. Legal Standard**

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Id*. "If a motion for a protective order is wholly or partly denied,

the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(3). "The decision to issue a protective order rests within the sound discretion of the trial court." *Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000, *1 (W.D. Wash. 2009). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

**2. Analysis**

First, Defendant contends that the "public disclosure of the security video without a protective order limiting access to the opposing counsel only would jeopardize the security and operations of the business, its employees, and customers" because the "position and existence of video cameras would be generally known to the public . . . as it is often times used to combat shoplifting of merchandise." Dkt. #11 at 6-7. Defendant argues that the video cameras' existence and locations in the store "constitute confidential business information" because this information "would be of value to shoplifters and . . . competitors to understand its store's layout and closing procedures." *Id*. at 7. Defendant also argues that it "has produced photographs depicting the alleged incident location. Therefore, the security video is not the only evidence revealing the alleged accident scene." *Id*. Plaintiff contends that the video footage is not confidential information because the store in question is in an open, public mall, and Defendant does not claim that the "cameras are not generally observable to the public, or that it makes any effort to conceal camera locations in public facing areas, including the area in which Plaintiff was injured." Dkt. #15 at 5.

The Court is unconvinced by Defendant's argument. Defendant does not point to any case law in support of its argument, though the Court identified some it ultimately finds unpersuasive or distinguishable. *See e.g.*, *Dehate v. Lowe's Home Centers, LLC*, No. ED CV

19-2505-JGB, 2020 WL 7084551, at *4 (C.D. Cal. Oct. 8, 2020); Ruiz-Camacho v. Costco Wholesale Corp., No. 2:16-CV-02374-RFB-VCF, 2017 WL 1276049, at *3-4 (D. Nev. Mar. 31, 2017).  However, though outside this Circuit, the Court finds *Woodson v. Home Depot U.S.A., Inc.*, No. 23-CV-3676-NJC-SIL, 2024 WL 1174507, at *2-4 (E.D.N.Y. Mar. 19, 2024), most persuasive for this case.  There, the Eastern District of New York held that "it is unlikely that a single video, taken alone, could reveal blind spots or which camera domes are in fact decoys . . . [or otherwise] undermine a surveillance system." *Id*. at *3.

Here, the Court fails to see how the release of the single video in question would result in such a high-theft or competitive threat as Defendant contends.  Given that the alleged incident occurred while Plaintiff was shopping, the video would depict footage during open hours.  If this video shows the store layout and closing procedures as Defendant argues, these layouts and procedures could be witnessed by simply being in the store during open hours.  Presumably other cameras in the store exist, meaning that only one of several is involved here, with not many vantage points for shoplifters or competitors to use.  Furthermore, if this case proceeds to trial, the incident allegedly found in this video footage depicts the entire case in question, and the Court fails to see at this stage why such footage should not be seen during a public trial.  Also, Defendant has already produced photographs depicting the same store location without the need of a protective order, which further convinces this Court that Defendant has failed to establish that the alleged potential harm constitutes good cause for a protective order.

Second, Defendant's contend that a Protective Order including its general housekeeping policy, customer service policy or CSL Module, and lease provision is warranted because these "are confidential, proprietary business documents which reveal the company's marketing and commercial operation practices and strategies" that if "made public . . . may be utilized by Defendant's competitors to the financial detriment" of Defendant. Dkt. #11 at 7.  Plaintiff argues

that Defendant has, again, failed establish that these documents are protected trade secrets or otherwise demonstrate confidential information that would result in identifiable harm is disclosed. Dkt. #15 at 5.

The Court agrees with Plaintiff. Similar to the above, Defendant does not point to any case law in favor of its position. Beyond Defendant's broad, conclusory statements that these documents are protected and could be used by competitors, like Defendant's arguments concerning the video footage, the Court fails to see any specific, high risk of harm by competitors or others in relation to this information being disclosed. Again, Defendant has failed to establish that the alleged harm constitutes good cause for a protective order. Accordingly, the Court will deny Defendant's Motion.

**B. Plaintiff's Motion to Compel**

Plaintiff moves for this Court to: (1) strike Defendant's objections to her Requests for production because Defendant's objections have been waived and are improper; (2) compel Defendant to immediately produce the security video footage of the incident; and (3) compel Defendant to immediately product the "incident report" and "adjuster's notes" identified in Defendant's Responses as "privileged work product." *Id*. at 8-10. Defendant objects to the Motion, contending that: (1) Defendant's objections are proper and timely; (2) Defendant will provide the security video footage once a Protective Order has been entered; and (3) Defendant's incident report and insurance's adjuster notes are privileged work product because they were prepared in anticipation of litigation and are not subject to production under the Federal Rules of Civil Procedure. Dkt. #13 at 4-6.

**1. Legal Standard**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of

the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  If requested discovery is not answered, the requesting party may move for an order compelling such discovery.  Fed. R. Civ. P. 37(a)(1).  The party that resists discovery has the burden to show why the discovery request should be denied.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Discovery motions are strongly disfavored.  A party seeking to compel discovery must include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action."  Fed. R. Civ. P. 37(a)(2)(B).  This "meet-and-confer" requirement mandates that the parties not only meet face-to-face or by telephone, but also "make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention."  *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).  This is meant for "only genuine disagreements" to be brought before the Court."  *Hua v. Boeing Corp.*, 2009 WL 279018, at *1 (W.D. Wash. Feb. 5, 2009).  The party who resists discovery has the burden to show that discovery should not be allowed and of clarifying, explaining, and supporting objections.  *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The court should temper any order requiring production of documents "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Nw. Home Designing, Inc. v. Golden Key Const., Inc.*, No. 11-5289, 2012 WL 470260, at *2 (W.D. Wash. Feb. 10, 2012) (citing Fed. R. Civ. P. 26(c)(1)).

## 2. Analysis

Plaintiff argues that Defendant's objections to Plaintiff's twelve Requests for Productions should be stricken as untimely and improper. See Dkt. #9 at 8-9. Plaintiff also requests that the Court order Defendants to produce the security video footage, incident report, and insurance adjuster's notes because these are not privileged pieces of evidence. *Id*. at 9-10. The Court addresses these in turn below.

### a. Objections

First, Plaintiff argues that Defendant's objections should be stricken because the agreed deadline to submit them was October 17, 2024, but Defendant did not send them until November 18, 2024. *Id*. at 8. Defendant contends that "the lengthy communications between counsel regarding discovery reflect the good faith effort by Defendant to comply with discovery deadlines." Dkt. #13 at 5.

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

The Court finds that the parties have acted in good faith in their attempts to complete discovery. Though Plaintiff argues that a hard deadline of October 17, 2024, was set for objections, as noted above in Section II. *supra*, many emails were exchanged, several extensions and requests were given, a stipulated protective order drafted, and at least two discovery conferences occurred beyond this deadline to help move along discovery. The facts do not show that Defendant purposely slowed discovery by turning over objections late or refusing to cooperate. The Court will not strike Defendant's objections as untimely and waived.

Second, Plaintiff argues that "deficiencies in Defendant's boilerplate objections are obvious" and should be stricken as improper general objections. Dkt. #9 at 8-9. Defendant contends that it "raised objections particularized to each request." Dkt. #13 at 4.

"It is well established that general, boilerplate objections are improper on their face." *Park v. State Farm Fire and Cas. Co.*, No. 2-23-CV-01564-TL, 2024 WL 4494877, at *12 (W.D. Wash. Oct. 15, 2024) (citing *Weidenhamer v. Expedia, Inc.*, No. C14-1239, 2015 WL 1292978, at *7 (W.D. Wash. Mar. 23, 2015)).

Upon review, though Defendant provided particularized objections in responses to all twelve of Plaintiff's Requests, the Court finds that Defendant's included "General Objections" are improper. *See* Dkt. #10, Decl. of Orehoski, Ex. B at 2-10; *see also* Dkt. #14, Decl. of Jensen, Ex. B at 2-10. Defendant's so titled "General Objections" listed prior to its specific responses simply state that they "may be incorporated by reference into the specific responses to the demands set forth below" presumably "for the purpose of clarity." Dkt. #10, Decl. of Orehoski, Ex. B at 2. However, Defendant also states that "the failure to specifically incorporate a General Objection does not constitute a waiver of that objection." *Id*. The Federal Rules clearly state that objections, whether to interrogatories or requests for production, must be specific. *See* Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(C). Without digging through Defendant's Responses and cross-referencing with the "General Objections," neither the Court nor Plaintiff have any clue what these "General Objections" apply to, limit, or reference. Accordingly, the Court will strike Defendant's "General Objections" as, in fact, being improper general objections.

**b. Production**

First, Plaintiff requests that the Court order Defendant to produce the security video footage of the incident because it "is not privileged and is relevant to Plaintiff's claims." Dkt.

#9 at 10. Defendant responds that it will provide the video once its Protective Order is in place. Dkt .#13 at 5-6.

As discussed above, the Court will not grant Defendant's Protective Order. *See supra*. Section III.A.2. Furthermore, the Court finds that the video is relevant to Plaintiff's claims and proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). The Court will compel Defendant to produce the video.

Second, Plaintiff requests the Court order Defendant to produce the incident report and insurance adjuster's log notes because these are relevant and not privileged. Dkt. #9 at 10. Defendant argues that the documents are privileged because they were made in anticipation of litigation. Dkt. #13 at 6.

The insurance adjuster's notes and incident report (referenced as the "Netclaim report") are noted in Defendant's Response to Plaintiff's Request for Production No. 1. *See* Dkt. #10, Decl. of Orehoski, Ex. B at 4. In response to Plaintiff's request that Defendant produce "[a]ll documents in your possession related to the Incident, Plaintiff, this claim, or your defenses," Defendant responded that it would produce photographs and Plaintiff's recorded statement, but Defendant claimed privilege regarding the notes and incident report because they were allegedly created in anticipation of litigation. *Id*. In Defendant's Response to Plaintiff's Motion to Compel, Defendant states that it has identified employees, produced emails with its claims adjuster, photographs, Plaintiff's recorded statement, its insurance policy, and confirmed no other injury reports at the location. Dkt. #13 at 6. Furthermore, Defendant argues that the notes constitute "previous statements" under the Federal Rules which are not subject to production. *Id*. Thus, Defendant contends that "Plaintiff cannot demonstrate substantial need for Defendant's work product." *Id*.

ORDER - 10

Parties may withhold information otherwise discoverable because it is privileged and "subject to protection as trial-preparation material." Fed. R. Civ. P. 26(b)(5)(A). To discover these privileged items, a party must show it has "substantial need for the materials" and "cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

The Court fails to see how Defendant's incident report constitutes privileged information subject to litigation. Insurance notes and reports are created in the everyday business of insurance companies responding to a covered establishment's insurance claim or report of an incident. This does not mean that every document created by insurance after an incident occurs is made in actual, imminent anticipation of litigation, or this privilege would mean nothing and apply to everything. Furthermore, the Court finds that these materials are relevant to Plaintiff's claims and proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). The Court will compel Defendant to produce the insurance adjuster's log notes and incident report.

**C. Defendant's Motion for Extension of Time**

Defendant requests that the Court extend the deadline to disclose expert testimony from February 12, 2025, to May 16, 2025, and the discovery cutoff from April 14, 2025, to June 13, 2025, because extensive discovery regarding Plaintiff's medical treatment, as well as expert reports, depositions, and discovery discussed above remains. Dkt. #18. Plaintiff objects. Dkt. #20. The Court has noted above the extended discovery efforts of both parties. *See supra* Section II. Regarding this Motion, the parties detail further complications with completing extensive discovery and expert witness disclosures. Given all of the above and the date of this order, the Court finds good cause to extend the expert witness disclosure deadline to May 23, 2025, and the discovery cutoff to June 13, 2025.

## IV. CONCLUSION

Having reviewed the relevant briefings, declarations, and remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Compel, Dkt. #9, is GRANTED IN PART as stated above. Defendant's Motion for Protective Order, Dkt. #11, is DENIED. Defendant's Motion for Extension of Time to Complete Discovery, Dkt. #18, is GRANTED. The Court STRIKES Defendant's "General Objections." Defendant shall supplement its Discovery Responses subject to the stricken "General Objections" and produce all discovery subject to the terms of this Order by the discovery deadline. Expert witness disclosures and reports are due by May 23, 2025, and the cutoff for discovery to be completed is June 13, 2025.

DATED this 9th day of May, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE